Jordan M. New, Esq.
The Law Office of Jordan Michael New
Attorneys for Defendant
1001 SW 5th Avenue
Suite 1100, #483
Portland, Oregon 97204
P: 503-919-0027
jordan@newlawpdx.com

Brendan H. Little, Esq.
Lippes Mathias Wexler Friedman LLP
*Admitted Pro Hac Vice*
Attorneys for Defendant
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
P: 716-853-5100
blittle@lippes.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| Jillian McAdory | Case No. 3:17-cv-00777-HZ |
| Plaintiff, | Defendant DNF Associates, LLC's |
| v. | REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS |
| M.N.S. & Associates, LLC and DNF Associates, LLC | Pursuant to Fed. R. Civ. P. 12(b)(6) |
| | Request for Oral Argument |
| Defendants. | |

**INTRODUCTION**

On July 14, 2017, Defendant DNF Associates, LLC ("DNF") moved for dismissal of

Plaintiff Jillian McAdory's ("Plaintiff") Amended Complaint pursuant to FED. R. CIV. P.

12(b)(6). Specifically, DNF argued that Plaintiff failed to plausibly allege that DNF is a debt

collector subject to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). As set forth in detail herein, the Amended Complaint should be dismissed because debt purchasers such as DNF, who do not take any measures to collect on the debts they owe, can never qualify as a debt collector as defined by the FDCPA.  Moreover, even if passive debt purchasers such as DNF can somehow meet the FDCPA's definition of debt collector, in this case, Plaintiff has failed to plausibly allege any facts to support the conclusion that DNF's principal business purpose is debt collection such that it would qualify as a debt collector under the FDCPA.  While Plaintiff cites to several cases suggesting that Plaintiff adequately alleged that DNF's principal business purpose is debt collection, these cases, as explained below, are completely inapplicable because they rely on stale case law and legal principles which were squarely rejected by the United States Supreme Court recent decision in Henson v. Santander, ___ U.S. ___, 2017 WL 2507342, *2 (June 12, 2017).

## ARGUMENT

### I.    Plaintiff Relies Solely on the FDCPA's Principal Purpose Definition in Alleging that DNF is a Debt Collector

There are generally two ways a defendant can qualify as a "debt collector" under the FDCPA: (1) where the defendant "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts;" or (2) where the defendant "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).

In her opposition to DNF's Motion to Dismiss, Plaintiff has clarified that the Amended Complaint does not attempt to allege that DNF qualifies as a debt collector under the second definition of "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another."  Instead, the Amended Complaint attempts to allege that

DNF qualifies as a debt collector solely under the first "principal purpose" definition.  (Dkt. 20, p. 11).  Consequently, the only issues presented by DNF's Motion to Dismiss are: (1) whether passive debt purchasers, such as DNF, are debt collectors as defined by the FDCPA; and (2) assuming debt purchasers can be debt collectors, whether Plaintiff alleged sufficient factual content to plausibly allege that DNF meets the FDCPA's principal purpose definition of debt collector.

## II.      Plausibility Pleading Standard

As set forth in DNF's original memorandum in support of its Motion to Dismiss, in order to state a claim against DNF, Plaintiff had the burden of pleading factual content sufficient to allow this Court to draw the reasonable inference that DNF is a debt collector and is liable for the misconduct alleged in the Amended Complaint.  *See* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544. 556 (2007).

In determining whether a complaint pleads sufficient facts to state a claim to relief that is plausible on its face, for the purposes of a motion to dismiss for failure to state a claim, the reviewing court will "accept as true all factual allegations and determine whether they are sufficient to state a claim for relief [the court will] not, however, accept as true allegations that are conclusory . . . [The f]actual allegations must be enough to raise a right to relief above the speculative level."  Fowler Packing Co., Inc. v. Lanier, 844 F.3d 809, 814 (9th Cir. 2016) (citing In re NVIDIA Corp. Sec. Litig., 768 F.3d 1046, 1051 (9th Cir. 2014)).

The Ninth Circuit, in applying the foregoing principles, has consistently dismissed complaints in response to defense motions to dismiss where the allegations in a complaint failed to plausibly allege that the defendant is a debt collector.  *See e.g.,* Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1208-10 (9th Cir. 2013); Junod v. Mortgage Electronic Registration Systems, Inc., 584 F. Appx. 465, 468 (9th Cir. 2014); Hunt v. Wells Fargo Bank, NA, 576 F.

Appx. 693, 964 (9th Cir. 2014); *see also* <u>Challenger v. Experian Info Solutions, Inc.</u>, 2007 WL 895774 (D.N.J. Mar. 22, 2007) (granting defendant's motion to dismiss and rejecting the plaintiff's conclusion, without factual support, that defendant is a debt collector as defined by the FDCPA).

### III.   A Passive Debt Buyer Such as DNF Can Never Meet the Statutory Definition of Debt Collector

As previously argued in support of DNF's Motion to Dismiss, when a party only owns an account, does not take affirmative action to collect on the account and contracts with a third-party for collection efforts, it cannot meet the FDCPA's principal purpose definition of debt collector.  *See* (Dkt. 18, Part II.C); *see also,* <u>Gold v. Midland Credit Management, Inc.</u>, 82 F. Supp.3d 1064, 1071 (N.D. Cal. 2015); <u>Kasalo v. Trident Asset Management, LLC</u>, 53 F. Supp.3d 1072, FN1 (N.D. Ill. 2014).

Plaintiff's opposition attempts to distinguish the <u>Gold</u> and <u>Kasalo</u> cases and goes so far as to argue, without a single citation to any authority, "[i]t is inconsequential to this analysis that DNF itself does not pay wages or salary to the actual persons who make the phone calls, send letters and emails, or knock on doors to collect the debts on its behalf."  (Dkt. 20, p. 3). However, contrary to Plaintiff's unsupported opinion, whether DNF has any contact with potential debtors or engages in any other debt collection activities is directly relevant to whether DNF meets the FDCPA's principal purpose definition of debt collector.  The fact that DNF does not directly engage in any debt collection activities is relevant because, passive debt purchasers, such as DNF, who have no interaction with debtors and do not engage in collection efforts, can never meet the principal purpose definition.  *See* <u>Gold</u> and <u>Kasalo</u>, *supra*.

Plaintiff admits that the facts underlying the <u>Kasalo</u> case are similar to the facts of the current case, but argues that <u>Kasalo</u> is distinguishable and unpersuasive because "the *Kasalo*

court appears to have incorrectly conflated the second, and independent, 'regularly collects debts owed to another' definition of 'debt collector' with the 'principal purpose' definition." (Dkt. 20, p. 22). In support of her characterization of the court's analysis in Kasalo, Plaintiff cites to the following passage from the Kasalo Court's decision:

> OPS may be a debt collector in one literal sense of the term; it purchases debts that people owe, such as the one in this case, and it does so for the purpose of making money on the debts by hiring others to collect. The FDCPA, however, has its own definition of the term. As the Court has indicated, a debt collector under the FDCPA is one who 'regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.' 15 U.S.C. § 1692a(6). The definition also includes 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.' *Id.* The statute governs interactions between debt collectors and consumers and seeks 'to eliminate abusive debt collection practices by debt collectors.' *Id.* § 1692(a). An entity that acquires a consumer's debt hoping to collect it but that does not have any interaction with the consumer itself does not necessarily undertake activities that fall within this purview.

(Dkt. 20, p. 22 (citing Kasalo, 53 F. Supp.3d at 1078)).

According to Plaintiff's interpretation of the foregoing passage, the Kasalo court "incorrectly found that a plaintiff could never show that a debt buyer's, such as OPS (or DNF), principal business purpose is the collection of debts because the plaintiff would have to show that the defendant's principal business purpose is the collection of *debts owed to another*—which a plaintiff could never do." (Dkt. 20, pp. 22-23) (emphasis in original). However, even a cursory review of the foregoing passage (and the Kasalo decision as a whole), reveals that the Kasalo court never held or even suggested that, in order to meet the principal purpose definition, the plaintiff would have had to prove that the defendant's principal business purpose was the collection of debts *owed to another*. Simply put, Plaintiff has incorrectly characterized the

Kasalo decision in a misguided effort to persuade this Court not to follow the logical rationale

and application of the law employed by the court in that decision.

Plaintiff also attempts to distinguish Kasalo on the basis that, in this case, Plaintiff has

alleged "detailed factual allegations," over and above those alleged in Kasalo, which would

support the conclusion that DNF's principal business purpose is the collection of debts. (Dkt. 20,

p. 23). However, as will be set forth in detail below, all of Plaintiff's allegations, to the extent

they attempt to allege that DNF's principal business purpose is the collection of debts, are

conclusory, speculative and unsupported by any factual content.

Plaintiff's opposition also attempts to distinguish the Gold decision, wherein the Northern

District of California concluded that the defendant did not meet the statutory definition of debt

collector because the record was devoid of any evidence that the defendant attempted to

communicate with debtors at any time. *See* Gold, 82 F. Supp.3d at 1072-73. Plaintiff first

argues that the Gold decision is unpersuasive because it "relied heavily" on the Kasalo decision

referenced above and it therefore "appears that the *Gold* court also may have adopted a similarly

flawed analysis . . . by conflating the two separate definitions of 'debt collector.'" (Dkt. 20, p.

26). However, as discussed above, both the Kasalo and Gold courts acknowledged the two

independent definitions of debt collector and neither decision purports to require that a plaintiff

establish that the defendant's principal business purpose is the collection of debts owed to

another in order to fall under the principal purpose definition. Simply put, Plaintiff's argument

that the Gold and Kasalo decisions conflated the two definitions is based on a misunderstanding

of those cases, which is clouded by Plaintiff's goal of simply defeating the subject motion.

Plaintiff further argues that the plaintiff in Gold "simply was not able to offer much, if

any, actual evidence to support that Midland Funding's principal purpose was the collection of

any debts." (Dkt. 20, p. 25). This attempt to distinguish <u>Gold</u> also misses the mark because as stated above and set forth in full below, Plaintiff has failed to introduce anything other than speculative and conclusory assertions that DNF's principal purpose is debt collection.

Finally, Plaintiff argues that "DNF's own citations to *Gold* are largely inapposite" because DNF "cites to pages 1072-73 of the Gold opinion, but the court's 'principal purpose' analysis ends at page 1072 of *Gold*." (Dkt. 20, p. 26 and FN4). Plaintiff's argument that <u>Gold</u> is unpersuasive because DNF unintentionally included an additional page in a pinpoint citation is absurd and should be summarily rejected by the Court.

Based on the foregoing, DNF respectfully submits that the reasoning employed by the courts in the <u>Kasalo</u> and <u>Gold</u> decisions is logical and comports with the purpose of the FDCPA. Accordingly, this Court should adopt the reasoning of those decisions and determine that a passive debt buyer such as DNF, who does not take any actions to collect on debts, can never meet the principal purpose definition of debt collector.

## IV.    Plaintiff Has Failed to Plausibly Allege that DNF's Principal Business Purpose is the Collection of Debts

Assuming, *arguendo*, this Court determines that a passive debt buyer such as DNF may meet the principal purpose definition under certain circumstances, then, in order to state a claim against DNF herein, Plaintiff has the burden of pleading factual content sufficient to allow this Court to draw the reasonable inference that DNF is a debt collector and is liable for the misconduct alleged in the Amended Complaint. *See Part II, supra.* Plaintiff has failed to do so because all of Plaintiff's allegations, to the extent they attempt to allege that DNF's principal business purpose is debt collection, are speculative, conclusory and unsupported by any factual allegations.

Plaintiff's Amended Complaint and opposition to DNF's Motion to Dismiss contain many conclusory allegations concerning DNF's alleged principal business purpose, including the following:

- DNF actively participates in, directs, and derives the vast majority of its income from a large national debt collection network of which it is the head of (Dkt. 16, ¶ 6);

- Because DNF is itself a debt collector pursuant to the FDCPA—as its principal purpose is the purchase of defaulted consumer debts for the goal of collecting money on the debts from consumers, and it purchased this debt when the debt was in default and then directed MNS as its agent-in-fact to collect from [Plaintiff] on its behalf—DNF is vicariously and jointly liable for MNS's violations of the FDCPA as alleged herein (Dkt. 16, ¶ 20);

- DNF derives all, or most, of its income from the collection of debts . . . DNF maintains, directs, and controls a large national debt collection operation with the purpose of extracting money from alleged debtors and funneling that money back to DNF so it can reap profits from the debts it purchases (Dkt. 20, pp. 2-3); and

- DNF sets the parameter of the collection [performed by third-parties], to ensure that it makes a profit from the collection process (Dkt. 20, p. 3).

As originally argued in support of DNF's Motion to Dismiss, the Amended Complaint (and Plaintiff's opposition) does not contain any factual allegations sufficient to plausibly allege that DNF's principal business purpose is the collection of debt.  The Amended Complaint fails to allege that DNF took or takes any steps or measures to collect on the debt it owns at any time. Plaintiff's allegations regarding DNF's business purpose, income, and the alleged "national network" of debt collectors are merely speculative and conclusory allegations unsupported by any facts and are therefore insufficient to state a claim against DNF. *See e.g.,* Brooks v. Citibank (South Dakota), N.A., 345 F. Appx. 260, 262 (9th Cir. Sept. 8, 2009) (dismissing the plaintiff's complaint pursuant to FED. R. CIV. P. 12(b)(6) where the plaintiff's assertion that, after reasonable opportunity for investigation and discovery, the evidence will show that Citibank is a debt collector, represented nothing more than a threadbare recital of the elements of a cause of

action, supported by a mere conclusory statement); In re Gilead Sciences Securities Litigation, 536 F.3d 1049, 1055 (9th Cir. 2008) ("[t]he court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"); Dinsmore v. Reliable Credit Ass'n, Inc., 2011 WL 4755198, *3 (D. Or. Sept. 30, 2011) (granting defendant's Rule 12(b)(6) motion holding: "[w]ithout facts demonstrating that [the plaintiff's] principal purpose is the collection of debts or that it regularly collects debts on behalf of third-parties, [the plaintiff's] allegation [regarding the defendant's status as a debt collector] is merely a legal conclusion and is not entitled to the presumption of truth. As such, plaintiffs fail to allege a plausible claim for relief under the FDCPA").

For example, Plaintiff argues that "[t]he first and most relevant method to assess the principal purpose of a business is to determine what the business derives its revenue from" and that "[a] secondary method to assess an entity's principal business purpose is to look at its conduct, in order to determine what overreaching principal business purpose its conduct is in furtherance of." (Dkt. 20, pp. 15-16).  However, Plaintiff fails to cite any legal authority to support her statement that these are the relevant factors to be considered when analyzing whether DNF is a debt collector.  In addition, Plaintiff has not alleged any facts whatsoever regarding DNF's alleged revenue stream or specific conduct which would justify this Court in concluding that DNF's principal business purpose is the collection of debts.  The only allegations alleged by Plaintiff regarding DNF's principal business purpose are legal conclusions and/or broad, generalized allegations that are not supported by any specific factual content.

Accordingly, DNF respectfully submits that Plaintiff's conclusory and speculative allegations regarding DNF's alleged principal business purpose are insufficient to plausibly

allege that DNF's principal business purpose is the collection of debts. Consequently, the Amended Complaint should be dismissed in its entirety, with prejudice.

**V.      The Cases Cited by Plaintiff in Support of Her Argument that She has Adequately Alleged that Plaintiff's Principal Business Purpose is Debt Collection are Stale and Inapplicable**

As argued in DNF's original memorandum in support of its Motion to Dismiss, the United States Supreme Court recently addressed the issue of whether individuals and entities who purchase debts originated by someone else and then seek to collect those debts for their own account satisfy the FDCPA's definition of debt collector. *See* Henson, 2017 WL 2507342 at *2. In its decision, the Supreme Court clarified that the status of the debt at the time it was purchased by a debt purchaser (i.e., whether it was in default) is not a factor in determining whether a debt purchaser qualifies as a debt collector under the FDCPA. Id. at *6 ("[f]or while the statute surely excludes from the debt collector definition certain persons who acquire a debt before default, it doesn't necessarily follow that the definition must include anyone who regularly collects debts acquired after default. After all and again, under the definition at issue before us you have to attempt to collect debts owed *another* before you can ever qualify as a debt collector").

In her opposition, Plaintiff cites three cases in support of her argument that she has adequately alleged that DNF's principal business purpose is debt collection for the purposes of DNF's Motion to Dismiss. (Dkt. 20, pp. 27-31). The cases cited by Plaintiff are outdated and unpersuasive because they rely on cases and principles of law which were squarely rejected by the United States Supreme Court in Henson.

First, Plaintiff cites to a Middle District of Pennsylvania case decided prior to Henson. *See* Barbato v. Greystone Alliance, LLC, 2017 WL 1193731 (M.D. Pa. Mar. 30, 2017). The Barbato court, in determining that the debt purchaser, Crown Asset Management, LLC

("Crown"), met the FDCPA's definition of debt collector, explicitly relied on the fact that the debt at issue was in default at the time that Crown purchased the debt.   Barbato, 2017 WL 1193731 at *8.   In doing so, the Barbato court cited to several Third Circuit cases which have since been abrogated by the Supreme Court's decision in Henson on the exact point for which they are cited.   Id. (citing F.T.C. v. Check Investors, Inc., 502 F.3d 159, 173 (3rd Cir. 2007); Beard v. Ocwen Loan Servicing, LLC, 2016 WL 344300, *1 (M.D. Pa. Jan. 28, 2016); Pollice v. National Tax Funding, L.P., 225 F.3d 379, 403 (3rd Cir. 2000)).   In other words, in reaching its decision, the Barbato court relied exclusively on Third Circuit case law for a point of law - that a debt purchaser is a debt collector because it acquired the account after it was in default -which has since been overruled by Henson.[1]

Next, Plaintiff cites to Plummer v. Atlantic Credit & Finance, Inc., 66 F. Supp.3d 484 (S.D.N.Y. 2014), which was decided nearly 3 years before Henson.   However, the Plummer case is equally unpersuasive because, like the Barbato decision, the Plummer court explicitly relied on the fact that the debt at issue was in default at the time that it was purchased in arriving at its determination that the debt purchaser qualified as a debt collector under the FDCPA.   Id. at 488-89.   Thus, Plaintiff's citation to the Plummer decision is equally unavailing.

Finally, while Plaintiff does cite to a post-Henson case, that case is factually inapposite to the case at bar.   See Schweer v. HOVG, LLC, 2017 WL 2906504 (M.D. Pa. July 7, 2017). Plaintiff's citation to Schweer is particularly perplexing in light of the fact that the alleged debt collector had "stipulated specifically that [it] was a debt collector for the purposes of the Act." Id. at *5.   Of course, in this case, DNF has specifically and consistently argued that it does not qualify as a debt collector under the FDCPA.   It is worth noting, however, that in Schweer, the

---

[1] Recognizing that the Supreme Court rejected the District Court's rationale in Henson, Crown has moved for reconsideration of its motion for summary judgment, which remains pending before the District Court. See Barbato v. Greystone Alliance, LLC, 3:13-cv-02748-MEM (M.D. Pa.) at Dkt. 107-08.

11 – DEFENDANT DNF ASSOCIATES, LLC'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO F. R. CIV. P. 12(b)(6)

district court correctly noted that "[u]nder [the principal purpose] definition of debt collector, the unresolved question on the status of the debt at the time of obtaining ownership is irrelevant"— further bolstering DNF's position that the reasoning and rationale in Barbato and Plummer are stale.  Said differently, these cases are no longer good law after the Supreme Court's decision in Henson.  Id. at *5.

For the reasons set forth herein, the legal basis for the outcome in cases cited by Plaintiff have been overruled by the Supreme Court in Henson.  The Supreme Court has made clear that a debt buyer's purchase of an account after it is in default has no bearing in determining whether the debt buyer qualifies as a debt collector.  Accordingly, the cases relied upon by Plaintiff that were decided prior to the Supreme Court's decision in Henson are no longer good law and do not save Plaintiff's Amended Complaint from surviving DNF's motion.

## CONCLUSION

The First Amended Complaint alleges that DNF is a debt collector and is vicariously liable for alleged violations of the FDCPA. Given that Plaintiff has failed to plausibly allege that DNF meets the statutory definition of debt collector, DNF cannot be held vicariously liable for the violations of the FDCPA alleged in the First Amended Complaint.  Accordingly, DNF's Motion to Dismiss the First Amended Complaint, pursuant to FED. R. CIV. P. 12(b)(6), should be granted in its entirety.

DATED:        August 21, 2017

THE LAW OFFICE OF JORDAN MICHAEL NEW

/s Jordan M. New
Jordan M. New, Esq.
Attorneys for Defendant
DNF Associates, LLC
1001 SW 5th Avenue
Suite 1100, #483
Portland, Oregon 97204
P: 503-919-0027
Email: jordan@newlawpdx.com

LIPPES MATHIAS WEXLER FRIEDMAN LLP

/s Brendan H. Little
Brendan H. Little, Esq.
*Admitted Pro Hac Vice*
Attorneys for Defendant
DNF Associates, LLC
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
P: 716-853-5100
F: 716-853-5199
Email: blittle@lippes.com

## CERTIFICIATE OF SERVICE

I hereby certify that on August 21, 2017, I electronically filed the foregoing Defendant's Motion to Dismiss with the Clerk of the Court via the CM/ECF system, which will provide service to counsel for all parties.

/s Brendan H. Little
Brendan H. Little, Esq.