IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JILLIAN MCADORY, an Individual Residing in Multnomah County,

        No. 3:17-cv-00777-HZ

        Plaintiff,

        OPINION & ORDER

    v.

M.N.S & ASSOCIATES, LLC, and DNF ASSOCIATES, LLC, foreign limited liability companies,

        Defendants.

Kelly D. Jones
Kelly D. Jones, Attorney at Law
819 SE Morrison St., Suite 255
Portland, Oregon 97214

Kevin A. Mehrens
Law Office of Kevin A. Mehrens
319 SW Washington St., Suite 614
Portland, Oregon 97204

    Attorneys for Plaintiff

Jordan M. New
The Law Office of Jordan Michael New
1001 SW 5th Avenue
Suite 1100, #483
Portland, Oregon 97204

Brendan H. Little
Lippes Mathias Wexler Friedman LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

In this Fair Debt Collection Practices action, Defendant DNF Associates, LLC moves to dismiss Plaintiff Jillian McAdory's Amended Complaint, arguing that (1) DNF cannot be a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p ("FDCPA"), and (2) even if DNF can be a "debt collector" under the statute, Plaintiff failed to plausibly allege that DNF is a "debt collector." Because I agree with DNF's first argument, I grant DNF's motion.

## BACKGROUND

The issue at hand revolves around a consumer debt Plaintiff incurred with Kay Jewelers, a non-party, which Kay Jewelers subsequently sold to DNF. Am. Compl. ¶¶ 3,8, ECF 16. Plaintiff alleges that DNF is vicariously liable for allegedly illegal debt collection activities taken by M.N.S. *Id.* at ¶ 20. The following facts are taken from Plaintiff's First Amended Complaint.

In late November 2016, Plaintiff first learned of DNF in a letter sent to her by a non-party company called First Choice Assets, LLC. *Id.* at ¶ 9. The letter stated that Plaintiff "owed a debt to DNF that originated with Kay Jewelers." *Id.* Because Plaintiff had never heard of DNF, she ignored the letter. *Id.* On February 24, 2017, Plaintiff received a voice message that did not identify the caller nor reference any debt, instead stating the call was in regards to "asset

verification." *Id.* at ¶ 9. The message scared Plaintiff into returning the call, during which Plaintiff spoke with someone who identified himself as M.N.S. agent Michael Shaw. *Id.* at ¶ 13. Shaw implied he was a lawyer and indicated that Plaintiff was about to be sued for unpaid debt. *Id.*

In later calls and emails with M.N.S., Plaintiff agreed to pay the debt. *Id.* at ¶¶ 14-18. Then, in May 2017, Plaintiff filed this action, alleging that M.N.S. had violated multiple provisions of the FDCPA. *Id.* at ¶ 22. Furthermore, Plaintiff alleges that DNF was itself a debt collector and was vicariously liable for M.N.S.'s violations of the statute. *Id.* at ¶ 20. Plaintiff alleges that DNF purchases defaulted consumer debts, and then "contracts with a myriad of other physical debt collectors across the country," supplying information necessary to facilitate the collection of those debts. *Id.* at ¶ 6. Plaintiff further alleges that the third parties "make contact with alleged debtors, in DNF's name, and at DNF's direction," operating within parameters set by DNF. *Id.* In response, DNF moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that it cannot be held vicariously liable as DNF does not meet the statutory definition of "debt collector."

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). However, the court need not accept unsupported conclusory

allegations as truthful. *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir.1992); s*ee also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ("we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations") (internal quotation marks and alterations omitted).

DISCUSSION

The issues raised in Defendant's motion are (1) whether a debt *purchaser* such as DNF can possibly meet the definition of "debt collector" under the FDCPA, 15 U.S.C. § 1692a(6), and (2) if it can, did Plaintiff allege sufficient facts or actions taken by DNF to plausibly allege that DNF meets the statutory definition of "debt collector." DNF argues that a debt purchaser who merely buys defaulted accounts and takes no affirmative action to collect on said debt can never meet the statutory definition of "debt collector." Plaintiff counters that DNF does meet the statutory definition of "debt collector" as the principal purpose of DNF's business is "the acquisition and subsequent collection of defaulted debts." Pl.'s Resp. 14, ECF 20.

The FDCPA defines a debt collector at 15 U.S.C. § 1692a(6):

> The term "debt collector" means any person [1] who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. §1692a(6).

Plaintiff alleges that DNF falls within the purview of the FDCPA under the first of the "debt collector" definitions, alleging that DNF's principal purpose is the collection of debts.[1]

---

[1] In Plaintiff's First Amended Complaint, it was unclear that Plaintiff was relying solely on this first definition of "debt collector." DNF initially relied heavily on *Henson v. Santander*, 137 S.Ct. 1718 (2017), to argue that DNF did not meet the entire statutory definition, including the second definition pertaining to a regular collector of debts. In her Response, Plaintiff clarified she was relying on only the first "principal purpose" definition. Any further reliance on *Henson* by Defendant is inapposite here, as *Henson* specifically considers only the second "regularly collects . . . debts owed or due . . . another" definition of debt collector. *Henson*, 137 S.Ct. at 1721.

DNF argues that it is impossible for a passive debt purchaser such as itself to meet this definition of "debt collector."

Some courts have held that an entity must take some affirmative collection activity or have some interaction with the indebted consumer to be a business with the "principal purpose" of debt collection. *Kasalo v. Trident Asset Mgmt., LLC.*, 53 F. Supp. 3d 1072, 1079 (N.D. Ill. 2014). In *Kasalo*, a debt purchaser bought the plaintiff's defaulted debt and contracted with another business for collection on that debt. *Id.* at 1076. That contracted company made all of the collection efforts, including sending one demand letter that listed the debt purchaser as the current creditor. *Id.* In a suit brought against it under the FDCPA, the defendant debt purchaser moved for summary judgment on all claims, arguing that it did not perform collections and thus did not meet the definition of "debt collector." *Id.* at 1077. The court concluded that although the defendant may have been "a debt collector in one literal sense of the term," the FDCPA required that a business take some "collection activity" to meet the statutory definition of "debt collector." *Id.* at 1078-79. The court found that "[a]n entity that acquires a consumer's debt hoping to collect it but that does not have any interaction with the consumer itself does not necessarily undertake activities that fall within this purview." *Id.* Noting that (1) the plaintiff had not alleged that the defendant had any role in the drafting of the demand letter, and that (2) the defendant had no contact with the plaintiff, the court held that the defendant debt purchaser did not meet the statutory definition of "debt collector." *Id.* at 1079.

Similarly, some courts have refused to infer a principal purpose of debt collection without evidence showing such a purpose. *Gold v. Midland Credit Mgmt., Inc.*, 82 F. Supp. 3d 1064, 1071 (N.D. Cal. 2015). In *Gold*, the plaintiff owed a defaulted debt that the defendant bought and then referred to its closely tied debt collection affiliate. *Id.* at 1070. The debt purchaser

defendant moved for summary judgment, arguing that it did not meet the definition of a "debt collector" under the FDCPA as it had no employees and took no action to collect on any debt. *Id.* The court noted that the plaintiff offered no evidence to suggest that the defendant's business was debt *collection*, and that instead the "[p]laintiff would have the Court fill in the gap with an inference that because [the defendant] is in the business of acquiring defaulted debts, it must therefore be in the business of collecting on those debts." *Id.* at 1071. Finding that "[i]n the absence of evidence showing a purpose to collect on those debts, [p]laintiff's legal arguments [were] insufficient to create a triable issue of fact," the court held that the debt purchaser did not have the principal purpose of collecting debts and thus was not a "debt collector." *Id.*

Here, DNF argues that this Court should follow the interpretation of the courts in *Kasalo* and *Gold* and dismiss the claims against DNF as DNF makes no active attempts to collect on any debt. DNF argues that Plaintiff does not allege that "DNF contacts debtors on the telephone, communicates with debtors by letter or takes any action to collect[] on the accounts it owns in any manner." Def.'s Mot. Dismiss ("DNF Mot.") 11, ECF 18. Thus, like the defendants in *Kasalo* and *Gold* who had no interaction with any consumer, DNF merely contracted with a third party and took no action themselves. Just like the defendant in *Kasalo* who was listed as the current creditor in a letter sent to the plaintiff by the third party collector, DNF was listed as the current creditor in a letter and nothing more. DNF in effect argues that to find it a "debt collector" under the statute, the Court would have to infer that DNF's principal purpose was debt collection, which the *Gold* court found inappropriate.

I find DNF's arguments persuasive. The courts in *Gold* and *Kasalo* present the most straightforward reasoning in interpreting the "principal purpose" definition of debt collector at issue here. Debt purchasing companies like DNF who have no interactions with debtors and

merely contract with third parties to collect on the debts they have purchased simply do not have the principal purpose of collecting debts. Therefore these companies must fall outside the purview of the FDCPA.

This conclusion is grounded in the plain language of the statute. 15 U.S.C. § 1692a(6) states that a business is a debt collector under the FDCPA if it is a "business the principal purpose of which is the collection of any debts." "Principal," in relevant part, is defined as "most important, consequential, or influential." *Webster's Third New Int'l Dictionary of the English Language Unabridged* 1802 (2002). As the court in *Kasalo* noted, a debt purchasing company may be a debt collector in the literal sense that it purchases debt for the purpose of making money by hiring a third party to collect on that debt. However, this activity doesn't comport with the statutory definition requiring that "collection" be the most important or influential purpose that the company has. The fact that a business *benefits* from the collection of debt by an entirely separate third party does not necessarily make the principal purpose of that business the collection of those debts.

Furthermore, one of the stated purposes of the FDCPA is to "'to eliminate abusive debt collection practices by debt collectors.'" *Kasalo*, 53 F. Supp. 3d at 1078 (quoting 15 U.S.C. § 1692(e)). When looking at the various activities punished under the FDCPA, it becomes clear that what Congress was concerned with, and intended to regulate, was the *interaction* between a debt collector and a consumer. *See* 15 U.S.C. § 1692c (governing communication between a consumer and a debt collector in connection with debt collection); § 1692d (forbidding a debt collector from engaging in harassment or abuse of any person in connection with an attempt to collect a debt, including use or threat of use of violence or profane language); § 1692e (forbidding the use of "any false, deceptive, or misleading representation or means in connection

with the collection of any debt"); § 1692f (prohibiting certain unfair practices in the communication with any person in connection with the collection of any debt). *See also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) ("The [FDCPA] regulates interactions between consumer debtors and debt collector[s] . . . .") (internal quotations omitted). Given this, there is little to suggest that a company which only purchases debt and then contracts with a third party for all actual collection activity was considered by Congress when it was drafting the FDCPA.

The cases cited by Plaintiff are not persuasive for two reasons. First, many of these cases conflate the two definitions of debt collector to some degree, and do not expressly analyze the "principal purpose" definition at issue here. For example, in *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403-04 (3rd Cir. 2000), the court failed to distinguish between the two definitions and thus its analysis is not directly applicable here. *See also Barbato v. Greystone Alliance LLC*, No. 3:13-CV-2748, 2017 WL 1193731 at *10 (M.D. Penn. Mar. 30, 2017) (failing to distinguish between the two definitions and applying an exception inapplicable to the "principal purpose" definition), *recon. denied*, No. 3:13-2748, 2017 WL 4698079 (M.D. Penn. Oct. 19, 2017). Moreover, these cases rely on the debt collector exception in § 1692a(6)(F) for those who obtain a debt in default.[2] But a close reading of the statute shows that this exception applies only to those who are debt collectors under the second "regularly collects" definition of debt collector, as the exception requires the collection of a debt owed or due another. Because that second definition is not at issue here, the exception is not relevant and the cases relying on it are inapplicable.

---

[2] The FDCPA exempts certain people from the definition of "debt collector," including: "(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such a person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such a person." 15 U.S.C. § 1692a(6)(F).

Second, some courts have used the statutory definition of creditor as part of their analysis of whether someone is a "debt collector," noting that under the statutory scheme, "creditor" and "debt collector" are mutually exclusive.[3] *See, e.g., Plummer v. Atlantic Credit & Finance, Inc.*, 66 F. Supp. 3d 484, 488 (S.D.N.Y. 2014) ("For purposes of applying the [FDCPA] to a particular debt, these two categories—debt collectors and creditors—are mutually exclusive.") (citing *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir.2003)); *Polanco v. NCO Portfolio Mgmt.*, 132 F. Supp. 3d 567, 579 (S.D.N.Y. 2015) ("[T]he definition of 'debt collector' excludes 'creditors,' . . . ."). They reason that if the entity is not a creditor, it must be a debt collector. In determining that the entity is not a creditor, they rely on § 1692a(4) which provides that an entity is not a creditor when the entity receives a debt in default (1) by assignment or transfer and (2) for the purpose of facilitating collection of such debt for another. DNF acquired the debt for itself and thus did not obtain it to facilitate the collection of the debt for another. Therefore, this line of cases is unpersuasive as the statutory sections relied upon do not apply here.

In summary, I conclude that DNF does not meet the statutory definition of "debt collector" under the FDCPA as it is not a business whose principal purpose is the collection of debts. Accordingly, I need not address DNF's alternative argument directed to the adequacy of its factual allegations.

/ / /

/ / /

/ / /

/ / /

---

[3] The FDCPA defines a creditor as "any person who offers or extends credit creating a debt or to whom a debt is owed, but does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).

CONCLUSION

Defendant DNF's motion to dismiss [18] is granted.

IT IS SO ORDERED.

Dated this 3 day of November, 2017.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge