**Kelly D. Jones, OSB No. 074217**
Kelly D. Jones, Attorney at Law
Lead Attorney for Plaintiff
819 SE Morrison St., Suite 255
Portland, OR 97214
kellydonovanjones@gmail.com
Tel: (503) 847-4329

**Kevin A. Mehrens, OSB No. 074589**
Of Attorneys for Plaintiff
Law Office of Kevin A. Mehrens
319 SW Washington, Suite 614
Portland OR  97204
kevin.mehrens@gmail.com
Tel: (503) 489-8774

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **Jillian McAdory,** an individual residing in Multnomah County,<br><br>Plaintiff,<br><br>v.<br><br>**M.N.S & Associates, LLC, and DNF Associates, LLC,** foreign limited liability companies,<br><br>Defendants. | Case No. 3:17-cv-00777-HZ<br><br>**SECOND AMENDED COMPLAINT**<br><br>15 U.S.C. § 1692, et seq.<br>(Fair Debt Collection Practices Act)<br><br>Demand for jury trial |

**SECOND AMENDED COMPLAINT (FDCPA)** – Page 1 of 12

1.

## JURISDICTION AND THE PARTIES

Subject matter jurisdiction in this case is founded upon 28 U.S.C. §§ 1331 and 1367 and 15 U.S.C. § 1692k. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because the acts and transactions giving rise to Plaintiff's claims occurred within this district, Plaintiff resides in this district, and Defendant conducts business within the State of Oregon within the meaning of 28 U.S.C. § 1391(b) and (c).

2.

Inter alia, this Court has personal jurisdiction over the Defendants in this case because Defendants have reached into Oregon to collect an alleged debt from Plaintiff via telephone and electronic mail, did in fact engage in an electronic transaction taking money from Plaintiff's bank account in Oregon, conducted business in Oregon, engaged in the unlawful conduct as set forth more fully herein within Oregon, and have thus availed themselves of the Jurisdiction of Oregon.

3.

Plaintiff, Jillian McAdory ("Ms. McAdory" or "Plaintiff"), is an individual residing in Multnomah County, Oregon and is a "consumer" protected by the FDCPA because the debt Defendants attempted to collect from her, and did in fact collect from her, was in connection with an alleged debt originally owed to Kay Jewelers for the purchase of jewelry used for personal, family, or household purposes ("debt").

4.

Defendant M.N.S & Associates, LLC ("MNS") is a debt collection company with a principal place of business located at 3960 Harlem Rd., Suite 14, Amherst, New York, 14226. MNS is a "debt collector" as that term is defined in the FDCPA because it regularly attempts to collect defaulted consumer debts owed to, and owned by, others and its principal purpose of business is to collect debts across the country using US mail, telephone, or electronic means, including electronic funds transfers that transfer money from one state to another. MNS is not registered and licensed as collection agency as required by ORS 697.015.

5.

Defendant DNF Associates, LLC ("DNF") is a Delaware company with a principal place of business located at 352 Sonwil Drive, Cheektowaga, New York 14225. DNF's registered agent in Oregon is National Corporate Research, Ltd., located at 325 13th Street NE, Suite 404, Salem, OR 97301.

6.

DNF is a "debt collector" as that term is defined in the FDCPA. DNF is not a creditor— it does not originate loans or extend credit to consumers. The principal purpose of DNF's business is the collection of defaulted consumer debts that it purchases by means of interstate commerce for pennies on the dollar, so that it can derive large profits from the debts it purchases. After purchasing defaulted consumer debts, DNF then contracts with a myriad of debt collectors across the country, including MNS, using the mails, internet, and/or facsimile, and supplies the debt collectors with information about the debts and personal information about

**SECOND AMENDED COMPLAINT (FDCPA)** – Page 3 of 12

the debtors to aid in the collection of the debts. The debt collectors then make contact with alleged debtors, in DNF's name, and at DNF's direction. DNF further participates in the collection process by setting parameters of the terms and amounts of the payments made by the debtors. DNF contracts with multiple debt collectors on a single debt when it is not satisfied with the results of the first collector's efforts. DNF then receives payments extracted from debtors across the nation at via electronic transfers and/or through the mails from its contracted physical debt collectors.

7.

If DNF is unsuccessful in extracting money through its contracted physical collection agents, it files collection lawsuits against consumers across the country so that it can obtain judgments against the consumers and execute upon those judgments via involuntary wage garnishments, bank account garnishments, and/or other methods of post-judgment debt collection. DNF has filed at least 47 debt collection lawsuits against Oregon consumers in Oregon state courts. A printout from the Oregon eCourt Information System (OECI) showing these debt collection lawsuits in Oregon state courts is attached as **Exhibit 1**. On information and belief, given an opportunity to conduct discovery, Ms. McAdory believes the number of debt collection lawsuits filed by DNF to collect upon consumer debts will number in the hundreds, if not thousands. DNF actively participates in, directs, and derives all, or the vast majority of, its income from the collection of defaulted consumer debts. Upon information and belief, and given the opportunity for discovery, DNF

**SECOND AMENDED COMPLAINT (FDCPA)** – Page 4 of 12

has no other significant business activities other than those described in this complaint.

8.

DNF is licensed as a debt collection agency in multiple states, so that it can legally collect upon debts in those states. A printout of an online search of these registrations is attached as **Exhibit 2**.

9.

The allegations in this Complaint are based on personal knowledge as to Ms. McAdory's conduct, the conduct of MNS, and made on information and belief as to the acts of others.

FACTUAL ALLEGATIONS

10.

In late November 2016, Ms. McAdory received a letter, dated November 24, 2016, from a debt collector called First Choice Assets, LLC. The letter stated that she owed a debt to DNF that originated with Kay Jewelers. Because she had never heard of DNF and had no money to pay, she did not respond.

11.

On February 24, 2017, Ms. McAdory received a voice message ("collection message") from an MNS agent and/or employee (phone agent). The call was made from 786-646-6488, and the message stated as follows:

> Hello this message is intended for Jillian McDory [sic]. I'm calling in regards to asset verification and to confirm the address and place of employment. I was forwarded documentation at this verified name and Social Security number in regards to a process for enforceable review. Please be advised we are requesting fees assigned for and respond for required notice so before I go ahead

**SECOND AMENDED COMPLAINT (FDCPA)** – Page 5 of 12

and begin to schedule your document I wanted to inform you the process is being expedited and should commence within 24 to 48 hours from this point in time. Any questions contact an adviser directly at 877-937-0518, reference the file number 51839381.

12.

The collection message was the first communication that Ms. McAdory received from MNS, and the phone message did not state the identity of the caller, let alone that the message was from debt collector or that any information would be used for the purpose of collecting a debt.

13.

The least sophisticated debtor would believe that the phrases "asset verification," "place of employment," "enforceable review," "asset verification" and that "the process is being expedited and should commence within 24-48 hours," when spoken separately, or especially in conjunction with one another as they were in the message, implied that that the collection message was from a lawyer, an officer of the court, a government agent, or some person or entity that had legal authority to sue her and/or effect dispossession of her property, including wage garnishment or bank account garnishment or some other form of execution, if they did not respond accordingly within 24-48 hours. Ms. McAdory did in fact believe these things to be true.

14.

In fact, the MNS phone agent was not a lawyer, an officer of the court, a government agent, or any other person or entity that had legal authority to sue her and/or to effect dispossession of her property.

**SECOND AMENDED COMPLAINT (FDCPA)** – Page 6 of 12

15.

Fearing that her property, bank account funds, and/or Social Security disability benefits, which she relied on as her sole source of survival, would be taken from her if she did not respond immediately, Ms. McAdory promptly called the number that was left on her voicemail: 877-937-0518. During that call, an MNS agent calling himself Michael Shaw implied that he was a lawyer and that he was calling on behalf of the original creditor Kay Jewelers because Ms. McAdory was about to be sued for the unpaid debt owed to Kay Jewelers.

16.

On February 26, 2017, in a subsequent phone call to the MNS agent calling himself Michael Shaw, Ms. McAdory, under duress and believing she would be sued and could lose her property, and would be charged additional fees, if she did not pay MNS immediately, gave the MNS agent her debit card number and agreed to pay MNS $894.30 from her bank account on March 4, 2017. Because her only source of income is Social Security disability benefits, and she couldn't afford to pay MNS and DNF, and also pay for her basic support needs, she was forced to contact her mother and borrow money from her mother so she could pay MNS and DNF.

17.

Also on February 26, 2017, Ms. McAdory received an email ("first email") from MNS with a document titled "Arrangements" that set forth the verbal agreement between Ms. McAdory and MNS whereby MNS would withdraw $894.30 from Ms. McAdory's bank account on March 4, 2017, in full

**SECOND AMENDED COMPLAINT (FDCPA)** – Page 7 of 12

settlement of the alleged debt ("settlement agreement"). The settlement agreement had MNS's logo on it and listed its address in Amherst, New York, listed DNF as the current creditor, Kay Jewelers as the original creditor, and listed a file number as 51839381, consistent with the file number referenced in the phone message. The settlement agreement provided that Ms. McAdory supply an electronic signature, appeared very high tech and "official" with internet addresses, and had the signature of Michael Shaw as the "Director of Operations." The first email and the settlement agreement were the first written communications that Ms. McAdory received from MNS.

18.

The settlement agreement also contained the following paragraph:

Unless you notify this office, within thirty days after receipt of the notice, that you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; If the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

A redacted copy of the settlement agreement is filed herewith as **Exhibit 3**.

19.

Rather than wait to withdraw the $894.30 from Ms. McAdory's bank account on March 4, 2017, as dictated by the settlement agreement MNS withdrew the funds electronically a day early, on March 3, 2017.

**SECOND AMENDED COMPLAINT (FDCPA)** – Page 8 of 12

20.

On the same day that MNS prematurely debited Ms. McAdory's bank account, March 3, 2017, MNS sent another email ("second email") with an attached document entitled "Paid in Full Letter." The Paid in Full Letter indicated that the debt was satisfied and released and stated that the letter was "Confidential." A redacted copy of the Paid in Full Letter is filed herewith as **Exhibit 4**.

21.

The FDCPA provides consumers like Ms. McAdory the right to be free from a debt collector's harassing, oppressive, and abusive conduct in the collection of a debt, from a debt's collector's false, deceptive, or misleading representations and means of collecting a debt, and from a debt collector's unfair or unconscionable means to collect upon the debt—whether or not the consumer owes the debt. The material risk of harms that are presented through MNS's violations of the law are the very harms that the FDCPA seeks to prevent and provides a cause of action for. However, Ms. McAdory is alleging more than a risk of material harm as a result of MNS's violations of the FDCPA. MNS's unlawful collection practices as alleged herein have caused her to suffer emotional and physical harm, including feelings of extreme stress, anger, frustration, doubt, worry, anxiety, embarrassment, helplessness, loss of financial control, fear of loss of property, mistrust of the legal system, headaches, and sleeplessness, as well as other harmful and negative emotions, all of which exacerbated her documented mental health issues. Thus Ms. McAdory is requesting not only the maximum statutory damages of $1,000

**SECOND AMENDED COMPLAINT (FDCPA)** – Page 9 of 12

pursuant to 15 U.S.C. § 1692k(a)(2)(A), but actual damages pursuant to 15 U.S.C. § 1692k(a)(1), as well as costs, disbursements, and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3).

22.

Because DNF is itself a debt collector pursuant to the FDCPA –as its principal purpose is the purchase of defaulted consumer debts for the goal of collecting money on the debts from consumers, and it purchased this debt when the debt was in default and then directed the MNS as its agent-in-fact to collect from Ms. McAdory on its behalf –DNF is vicariously and jointly liable for MNS's violations of the FDCPA as alleged herein. *See, e.g., Thompson v. Resurgent Capital Servs., L.P.*, No. 2:12-cv-01018-JEO, 2015 U.S. Dist. LEXIS 41639, at *72 (N.D. Ala. Mar. 31, 2015). With knowledge of the wrongful acts alleged herein, DNF adopted, ratified and approved MNS's collection tactics, if it had not already known about or directed them.

## CLAIM FOR RELIEF- FDCPA

(15 U.S.C. § 1692, *et seq.*)

23.

Plaintiff incorporates the preceding paragraphs of this Complaint.

24.

Defendants' violations of the FDCPA include, but are not limited to, the following:

(a) The phone message did not meaningfully disclose the identity of the caller in violation of 15 U.S.C. § 1692d(6);

**SECOND AMENDED COMPLAINT (FDCPA)** – Page 10 of 12

(b) The phone message, the first communication by MNS to collect the debt from Ms. McAdory, did not disclose that MNF was a debt collector, was attempting to collect a debt, and that any information would be used for that purpose in violation of 15 U.S.C. § 1692e(11);

(c) The words and phrases in the phone message could lead the least sophisticated consumer to believe that the message was from an attorney or was affiliated with a government entity, in violation of 15 U.S.C. § 1692e, § 1692e(1), and § 1692e(3);

(d) The words and phrases in the phone message could lead the least sophisticated consumer to believe that they were being sued, that their property, including exempt government benefits, were going to be seized or garnished without due process if they did not pay the debt immediately, and/or that the debt had already been reduced to judgment, in violation of 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(4), § 1692e(5), § 1692e(7), § 1692e(10), § 1692f, and § 1692f(6);

(e) The content of the phone message represented conduct the natural consequence of which was to harass, oppress, or abuse Ms. McAdory;

(f) The words and phrases in the phone message overshadowed the required validation notice in violation of 15 U.S.C. § 1692g;

(g) Withdrawing the funds from Ms. McAdory's bank account on March 3, 2017, rather than March 4, 2017, as Ms. McAdory authorized, and as the settlement agreement dictated, was in violation of 15 U.S.C. § 1692e, § 1692e(5), § 1692e(10), § 1692f, and § 1692f(1), and § 1692f(6); and

(h) MNS' failure to be registered, licensed, and bonded as a collection agency with the Oregon Department of Consumer and Business Services as required by ORS

**SECOND AMENDED COMPLAINT (FDCPA)** – Page 11 of 12

697.015, before it collected or attempted to collect a claim owed or asserted to be owed to a third party from Ms. McAdory was in violation of 15 U.S.C. § 1692e, § 1692e(5), § 1692e(10), and § 1692f.

25.

## JURY TRIAL DEMAND

Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ms. McAdory, respectfully requests that judgment be entered against Defendants MNS and DNF, jointly and severally, as follows:

A.    For a declaratory judgment that Defendants' conduct violated the FDCPA;

B.    For actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

C.    For maximum statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.    For costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

E.    For all such further relief that that the Court may deem just and appropriate.

Dated this 4th day of December, 2017

**RESPECTFULLY FILED BY,**

s/ Kelly D. Jones
**Kelly D. Jones, OSB No. 074217**
kellydonovanjones@gmail.com
Phone: (503) 847-4329

*Lead Trial Attorney for Plaintiff*

**SECOND AMENDED COMPLAINT (FDCPA)** – Page 12 of 12