IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JILLIAN MCADORY,     No. 3:17-cv-00777-HZ

          Plaintiff,

    v.

M.N.S. & ASSOCIATES, and DNF     OPINION & ORDER
ASSOCIATES, LLC, foreign limited
liability companies,

          Defendants.

Kelly D. Jones
KELLY D. JONES, ATTORNEY AT LAW
89 S.E. Morrison Street, Suite 255
Portland, Oregon 97214

Kevin A. Mehrens
LAW OFFICE OF KEVIN A. MEHRENS
319 S.W. Washington Street, Suite 614
Portland, Oregon 97204

      Attorneys for Plaintiff

/ / /

1 - OPINION & ORDER

Jordan M. New
THE LAW OFFICE OF JORDAN MICHAEL NEW
1001 S.W. Fifth Avenue, Suite 1100 #483
Portland, Oregon 97204

Brendan H. Little
LIPPES MATHIAS WEXLER FRIEDMAN LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202

  Attorneys for Defendant

HERNANDEZ, District Judge:

  Plaintiff Jillian McAdory brings this Fair Debt Collection Practices Act (FDCPA) action against Defendants M.N.S. & Associates and DNF Associates, LLC, contending that M.N.S's conduct in attempting to collect a consumer debt from Plaintiff violated various provisions of the FDCPA, 15 U.S.C. §§ 1692-1692p, and that DNF is vicariously liable for M.N.S's actions. In a November 3, 2017 Opinion & Order, I granted DNF's motion to dismiss after concluding that as a matter of law, DNF was not be a "debt collector" as defined by the FDCPA. *McAdory v. M.N.S. & Assocs.*, No. 3:17-cv-00777-HZ, 2017 WL 5071263 (D. Or. Nov. 3, 2017), ECF 27.

  Plaintiff moves for leave to amend, contending that facts now asserted in her Proposed Second Amended Complaint (PSAC) establish that DNF is a debt collector. I construe the motion as a motion for reconsideration and I deny it.

I. Nature of the Motion & Standards

  DNF's motion to dismiss contended that DNF could not be a debt collector as defined by statute and alternatively, even if it could, Plaintiff failed to plausibly allege that DNF was a debt collector. *See id.* at *1, *2 (noting the two separate arguments made by DNF). I made clear that I agreed with Defendant on its first argument, meaning that the issue was not the plausibility of

the claim based on the facts alleged against DNF but was the viability of the claim as a matter of law. *Id.* at *1, *4. I expressly declined to reach DNF's alternative argument based on the sufficiency of the facts alleged. *Id.*

In granting DNF's motion to dismiss, I neglected to expressly state that the claim against DNF was dismissed with prejudice. However, I also did not give Plaintiff leave to amend. The Opinion's discussion of the issue presented, the analysis upon which the conclusion was based, and my express statement that I was not considering DNF's alternative argument directed to the adequacy of the factual allegations because I agreed with DNF that as a matter of law a debt purchaser is not a debt collector under the FDCPA's "principal purpose" definition of debt collector, should have made clear to the parties that dismissal of the claim with prejudice was intended. Moreover, "a dismissal for failure to state a claim under Rule 12(b)(6) is presumed . . . to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009). Given that the dismissal of DNF was with prejudice, Plaintiff's current motion is more appropriately considered a motion for reconsideration rather than a motion for leave to amend.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000). Federal Rule of Civil Procedure 54(b) allows a district court to revise at any time "any order or other decision, however designated," that does not fully resolve all the claims for all of the parties. Fed. R. Civ. P. 54(b)[1]; *see also Lyden v. Nike Inc.*, No. 3:13–cv–00662–HZ, 2014 WL 4631206, at *1–2 (D. Or. Sept. 15, 2014) (setting forth standards

---

[1] Because the November 3, 2017 Opinion resolved only the claim against DNF, the claim against M.N.S. is still pending and thus, the Opinion did not resolve "all claims for all of the parties."

3 - OPINION & ORDER

for reconsideration under Rule 54(b)).

A motion for reconsideration can be granted if the court (1) is presented with new evidence, (2) committed clear error or the first decision was manifestly unjust, or (3) is aware of an intervening change in law. *Sch. Dist. No 1J v. ACandS, Inc.* 5 F.3d 1255, 1263 (9th Cir. 1993); *Transp. Credit Serv. Ass'n v. Systran Fin. Servs. Corp.*, No. CIV. 03–1342–MO, 2004 WL 1920799, at *1 (D. Or. Aug. 26, 2004); *see also Lyden*, 2014 WL 4631206, at *1 (applying a similar four-factor analysis to a presumptive Rule 54(b) motion for reconsideration, and collecting cases). Motions for reconsideration are generally disfavored, and may not be used to present new arguments or evidence that could have been raised earlier. *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir.1991) (trial court did not abuse its discretion in denying motion for reconsideration when moving party presented no arguments which the court had not already considered); *see also Sam v. Deutsche Bank Nat. Trust Co.*, No. 03:13–cv–01521–MO, 2013 WL 6817888, at *2 (D. Or. Dec. 23, 2013) (a party asking for reconsideration must show a "legitimate basis for reconsideration, meaning something other than re-raising arguments previously made or asserting new legal theories or new facts which could have been presented before the initial hearing").

II. Discussion

Plaintiff's PSAC presents facts not asserted in the First Amended Complaint. A comparison of the two pleadings reveals that the new facts are contained in Paragraphs 7 and 8 of the PSAC. In Paragraph 7, Plaintiff alleges that if the third parties hired by DNF to collect the debts owned by DNF are unsuccessful in their collection efforts, DNF files collection lawsuits against the debtors. PSAC ¶ 7, Pl.'s Mot. to Amend, Ex. A, ECF 29-1. Plaintiff alleges that

DNF has filed at least forty-seven such lawsuits against Oregon consumers in Oregon state courts. *Id.* In Paragraph 8, Plaintiff alleges that DNF is licensed as a debt collection agency in multiple states. An attachment to the PSAC shows such licenses in seven states. PSAC, Ex. 2, ECF 29-3.

Plaintiff provides no basis for why the facts in Paragraph 8 of the PSAC were omitted from her Complaint and First Amended Complaint. Plaintiff fails to explain how this is "new evidence" that was previously unavailable. Thus, it is not a proper basis for reconsideration.

Even if I consider it, however, it does not detract from the analysis in my November 3, 2017 Opinion. The heart of my discussion was that debt purchasing companies who rely on third parties to collect on the purchased debts are not debt collectors under the "principal purpose" prong of the definition of debt collector as provided in 15 U.S.C. § 1692a(6). *McAdory*, 2017 WL 5071263, at *3. This is because the statutory definition requiring that debt collection be the entity's principal purpose means that the debt collection be the *most* important or *most* influential purpose that the entity has. *Id.* As I explained, the "fact that a business *benefits* from the collection of debt by an entirely separate third party does not necessarily make the principal purpose of that business the collection of those debts." *Id.*

My focus was on the language of the federal statute. As Defendant explains in responding to Plaintiff's motion, certain states require debt buyers to obtain a debt collection license. In Illinois, for example, debt buyers are expressly subject to the debt collection statutes. 225 Ill. Comp. Stat. § 425/2 (defining "debt buyer" as "a person or entity that is engaged in the business of purchasing delinquent or charged-off consumer loans or consumer credit accounts or other delinquent consumer debt for collection purposes, whether it collects the debt itself or hires

a third-party for collection or an attorney-at-law for litigation in order to collect such debt"); § 425/8.5 (explicitly providing that a "debt buyer shall be subject to all of the terms, conditions, and requirements of this Act, . . . ."). In Kansas, debt buyers must obtain a license as a "supervised lender" before "taking assignments of and directly and indirectly, including through the use of servicing contracts or otherwise, undertaking collection of payments from debtors arising from supervised loans[.]" Kan. Stat. Ann. §§ 16a-1-301(45), 16a-2-301. Because other state laws are ambiguous as to whether licenses are required for debt buyers as opposed to debt collectors, DNF and similarly situated companies find it prudent to obtain licenses in those states as well.

DNF's seven state "debt collector" licenses do not affect DNF's status as a debt collector under federal law. That certain state statutes expressly subject debt buyers to their consumer debt regulatory schemes does not impact the analysis under the completely distinct federal definitions. Thus, even if I consider the fact that DNF is licensed as a debt collector in several states, it does not justify reconsidering my prior conclusion.

The allegations in Paragraph 7 are that DNF has filed at least forty-seven debt collection lawsuits against Oregon consumers in Oregon state courts. PSAC ¶ 7. Attached as an exhibit to the PSAC is a list of the cases, beginning with one filed July 27, 2017 and continuing through November 20, 2017. PSAC, Ex. 1, Pl's Mot. to Amend, Ex. A, ECF 29-2. Each one shows DNF as the plaintiff. *Id.* The First Amended Complaint was filed July 14, 2017. ECF 16. Thus, because the first of the cited lawsuits was not filed until July 27, 2017, the information about the lawsuits was not available to Plaintiff at the time the First Amended Complaint was filed. Plaintiff did bring the existence of at least one lawsuit to the Court's attention in oral argument.

6 - OPINION & ORDER

However, because those facts were not alleged in the pleading to which DNF's motion to dismiss was directed, I did not address them in the November 3, 2017 Opinion.

The new facts do not alter my prior conclusion. In my November 3, 2017 Opinion, I explained that a debt purchaser's hiring of a third party to collect on a debt does not make debt collection the principal purpose of the purchaser entity. *McAdory*, 2017 WL 5071263, at *3. I further explained that the FDCPA's statutory proscriptions are directed to "interactions" between the debtor and the debt collector. *Id.* Because of the statute's focus, I concluded that the language of the statute offered "little to suggest" that a company which purchases debt and then contracts with a third party for actual collection activities was considered by Congress to be debt collector. *Id.*

Here, the lawsuits filed in an effort to collect on the debts purchased and owned by DNF are just a different form of collection activity which DNF hires third party attorneys to perform. While the lawsuits are brought in DNF's name because it is the owner of the debt, DNF itself is not "interacting" with the debtor because it is not executing the litigation activities. Thus, this new evidence provides no basis for altering my prior conclusion.[2]

The cases relied on by Plaintiff are distinguishable. In *Heintz v. Jenkins*, 514 U.S. 291, 297 (1995), the Supreme Court held that litigation to collect a debt is collection activity under the FDCPA. But, in that case, the FDCPA claim was brought directly against the attorney who had filed the lawsuit on behalf of the debt owner. The claim was not brought against the debt owner

---

[2] Additionally, even if I were to consider the facts relevant to the analysis, I note that these collection lawsuits were all filed *after* MNS interacted with Plaintiff to collect her debt, after she paid the debt, and after this lawsuit was filed. Thus, at best, the evidence of collection lawsuits shows that D.N.F. may now be a debt collector but it does not show that it was a debt collector at the time the claims in this case arose.

itself. *Id.* at 293 (debt was owed to bank which hired law firm to sue debtor in state court; during litigation, law firm attorney wrote a letter to debtor's attorney which debtor alleged violated the FDCPA by falsely representing the amount owed by debtor; debtor then sued lawyer, not debt owner). While *Heintz* stands for the proposition that litigation activity may be subject to suit under the FDCPA, it says nothing about whether a debt owner which hires an attorney to conduct the litigation is itself a debt collector under the statute.

In *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719 (D. Md. 2011), the defendant had purchased a defaulted debt and then filed suit in state court to collect on that debt. The plaintiffs sued in federal court under the FDCPA, contending that in filing suit against them in state court, the defendant acted as a "collection agency" and because it was not licensed as such under Maryland law, the defendant violated both Maryland law and the FDCPA. *Id.* at 722-23. The court concluded that it was "clear that Hilco is a debt collector within the meaning of 15 U.S.C. § 1692a(6) and has engaged in collection activity as a result of its initiation of state court lawsuits brought against Bradshaw and the class members." *Id.* at 725.

In support, the *Bradshaw* court first cited to *Heintz*, which, as explained above, is relevant only for the proposition that litigation is collection activity under the FDCPA. It is not support for the *Bradshaw* court's conclusion that the debt purchaser is a debt collector. The *Bradshaw* court also cited a Fourth Circuit case which involved facts similar to those in *Heintz* because the debt owner, Discover Bank, was not a defendant. *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 228 (4th Cir. 2007). Instead, the FDCPA claim was brought against the law firm which the bank had retained to pursue an action against the debtor.

Lastly, the *Bradshaw* court cited to an Eleventh Circuit case which concerned the actions

of the defendant Unifund CCR Partners in collecting a debt. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010). With no analysis, the court, citing the "principal purpose" definition of debt collector under the FDCPA, wrote that "Unifund is a general partnership organization incorporated under the laws of Ohio and is in the business of purchasing and collecting consumer debt. As such, Unifund is a 'debt collector' for purposes of the FDCPA." *Id.* at 1188 & n.3. The facts of the case were that after it purchased the charged-off debt from a bank, Unifund directly engaged in collection activities such as sending a letter to the debtor from Unifund's "Legal Department" concerning the debt. *Id.* at 1188. The letter itself identified Unifund as a debt collector. *Id.* The debtor did not contact Unifund which later filed suit against the debtor in state court. Thus, although the Fourth Circuit did not analyze the facts, the facts supported the court's conclusion that Unifund was subject to the FDCPA because it was undisputed that Unifund was a debt collector. *Id.* at 1193. Given that Unifund itself "interacted" with the debtor before filing a lawsuit, and given that Unifund's letter affirmatively stated it was a debt collector, the facts are distinguishable from those in *Bradshaw* and thus, *Bradshaw*'s reliance on *LeBlanc* is misplaced. None of the cases *Bradshaw* relies on supports its conclusion that a debt purchaser which has itself taken no affirmative conduct in attempting to collect a debt, including in its litigation activities, is a debt collector under the FDCPA. Thus, *Bradshaw* is not persuasive authority.

*Fox v. Citicorp Credit Services., Inc.*, a 1994 Ninth Circuit case decided before *Heintz*, is also distinguishable. 15 F.3d 1507 (9th Cir. 1994). In that case, the Ninth Circuit concluded, foreshadowing the conclusion reached by the Supreme Court in *Heintz*, that litigation activity by an attorney is actionable under the FDCPA. *Id.* at 1511-13 (concluding that an attorney who

9 - OPINION & ORDER

regularly collected or attempted to collect debts owed or due another, including by "purely legal" activity such as filing a writ of garnishment, was a debt collector under the FDCPA). The *Fox* court went on to reject the defendant's argument that it could not be vicariously liable for the attorney's conduct. *Id.* at 1516. Plaintiff contends that *Fox* demonstrates DNF's liability in the instant case because just as the defendant in *Fox* was the named plaintiff in the underlying state court collection litigation, DNF is the named plaintiff in the underlying state court collection lawsuits here. And, the argument continues, just as the defendant in *Fox* was vicariously liable for the attorney's conduct, DNF must be found to be an appropriate defendant in the FDCPA claims here.

Plaintiff fails to acknowledge that the facts in *Fox* are distinguishable. There, Citibank was the debt owner. It "referred the matter for collection to Citicorp Credit Services" which then hired the attorney who allegedly violated the FDCPA by filing a writ of garnishment against the debtors in the wrong venue. *Id.* 1510. Before the attorney was involved, however, a Citicorp employee directly engaged in debt collection activity by repeatedly contacting the debtor about the debt. *Id.* Even after Citicorp instructed the attorney to proceed with the garnishment, but before the attorney had done so, Citicorp was still making contact with the debtors. *Id.* It is unclear if ownership of the debt transferred from Citibank to Citicorp when Citibank "referred the matter for collection." Either way, the facts show that Citicorp itself engaged in collection activity and interacted with the debtor. In *Fox*, even assuming that Citicorp was a debt buyer, its own debt collection conduct apparently made it a debt collector and allowed for vicarious liability for the conduct of its attorney. Because there are no facts that DNF itself has participated in any collection efforts, it is not similarly situated to the defendant in *Fox*. *Fox* is

10 - OPINION & ORDER

not on point.

Finally, Plaintiff relies on a recent decision by the Northern District of Indiana which found a triable issue of fact as to whether a debt buyer had "debt collection" as the principal purpose of its business when the buyer (1) purchased and owned defaulted debt, (2) had no employees, (3) had a written agreement and power of attorney with a debt collector collection agency, (4) had filed thousands of collection lawsuits in its name, (5) had described the general character of its business as "consumer debt collection" in an application for registration in Massachusetts, and which (6) the Massachusetts Supreme Court had determined obtained at least 99% of its gross revenue from collecting on unpaid consumer debt, had "debt collection" as the principal purpose of its business. *Mitchell v. LVNV Funding, LLC*, No. 2:12-cv-533-TLS, 2017 WL 6406594, at *6 (D. Or. Dec. 15, 2017).

The Court in *Mitchell* concluded that the "principal purpose" determination was an issue of fact for the jury. While I agree that in some contexts, this might be a jury question, my analysis, based on the FDCPA's statutory language, resolves the question in this case as a matter of law. Plaintiff's "new evidence" exposes no interaction between DNF and a debtor. DNF continues to hire third parties, whether they be collection agencies or attorneys, to conduct collection activities up to and including litigation. As a result, nothing in my original analysis has changed. The fact that DNF "benefits from the collection of a debt by an entirely separate third party does not necessarily make the principal purpose of [DNF's] business the collection of those debts." *McAdory*, 2017 WL 5071263, at *3. And, given the lack of interaction between DNF and the consumer, "there is little to suggest that a company which only purchases debt and then contracts with a third party for all actual collection activity was considered by Congress" to

be a debt collector. *Id.*

Plaintiff's new evidence does not warrant a change in my prior conclusion.

CONCLUSION

Plaintiff's motion to amend [29], construed as a motion for reconsideration, is denied.

IT IS SO ORDERED.

Dated this 11 day of March, 2018

Marco A. Hernandez
United States District Judge