**Kelly D. Jones, OSB No. 074217**
Kelly D. Jones, Attorney at Law
Lead Attorney for Plaintiff
819 SE Morrison St., Suite 255
Portland, OR 97214
kellydonovanjones@gmail.com
Tel: (503) 847-4329

**Kevin A. Mehrens, OSB No. 074589**
Of Attorneys for Plaintiff
Law Office of Kevin A. Mehrens
319 SW Washington, Suite 614
Portland, OR 97204
kevin.mehrens@gmail.com
Tel: (503) 489-8774

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **Jillian McAdory,** an Oregon consumer residing in Multnomah County, | Case No. 3:17-cv-00777-HZ |
| Plaintiff, | **PLAINTIFF'S MOTION FOR RULE 54(B) CERTIFICATION RE ORDER GRANTING DISMISSAL OF DEFENDANT DNF ASSOCIATES, LLC** |
| v. | |
| **M.N.S. & Associates, LLC, and DNF Associates, LLC,** foreign limited liability companies, | |
| Defendants. | Oral Argument Requested |

**PLAINTIFF'S MOTION FOR RULE 54(b) CERTIFICATION –**
Page 1 of 16

**LR 7.1 CERTIFICATION**

Despite the fact that Defendant, DNF Associates, LLC ("DNF") has been dismissed from this case, undersigned counsel for Plaintiff certifies that he conferred with counsel for DNF, Brendan H. Little, by sending a draft of the Motion for his review. After reviewing the Motion Mr. Little stated that DNF opposes this Motion.

**MOTION**

Plaintiff, Jillian McAdory, moves under Federal Rule of Civil Procedure ("FRCP") 54(b) for entry of an order that will allow her to appeal the Court's Order granting Defendant DNF Associates, LLC's ("DNF") Motion to Dismiss (Dkt. 27) and its Order denying Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. 34). Plaintiff intends to appeal the Court's Order dismissing her claim against DNF with prejudice, as clarified by the Court's subsequent Order on Plaintiff's Motion for Leave to File Second Amended Complaint, which the Court treated as a Motion for Reconsideration. Specifically, Plaintiff requests that the Court, in its discretion, enter an order "certifying" pursuant to FRCP 54(b) that its previous Order granting dismissal of Plaintiff's claim against DNF was a final Order and that there is no "just reason for delay" so that Plaintiff may appeal the Order before obtaining a final judgment against Defendant M.N.S. & Associates, LLC ("M.N.S.").

**PLAINTIFF'S MOTION FOR RULE 54(b) CERTIFICATION –**
Page 2 of 16

## MEMORANDUM

### I. Facts and Procedural History

Plaintiff's First Amended Complaint ("Complaint") alleges that Defendants M.N.S. and DNF each violated numerous provisions of the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*) ("FDCPA") by, among other things, M.N.S. failing to disclose its identity to a consumer in the process of collecting a consumer debt, and by making various false or misleading statements to Plaintiff and engaging in unfair or unconscionable means in the collection of a debt from Plaintiff. The Complaint alleged that, because DNF was itself a "debt collector" under the FDCPA—and because DNF directed and employed M.N.S. to act on its behalf to collect the debt from Plaintiff—DNF is vicariously liable for the FDCPA violations committed by M.N.S.

DNF moved to dismiss Plaintiff's claims under FRCP 12(b)(6) ("Motion to Dismiss"), arguing that it was not, and could not be, a "debt collector" as that term is defined by the FDCPA. Dkt. 18. The Court agreed and granted the motion, holding that:

> Debt purchasing companies like DNF who have no interactions with debtors and merely contract with third parties to collect on the debts they have purchased simply do not have the principal purpose of collecting debts. Therefore these companies must fall outside the purview of the FDCPA.

Dkt.27, at 6-7.

**PLAINTIFF'S MOTION FOR RULE 54(b) CERTIFICATION** –
Page 3 of 16

Plaintiff later moved for leave to file a Second Amended Complaint ("Motion for Leave"), seeking to add facts that Plaintiff viewed as relevant to satisfy her burden at the pleading stage, including that DNF is a debt collector under the FDCPA. The Court considered the Motion for Leave as a Motion for Reconsideration and denied that motion, clarifying that its initial Order granting DNF's Motion to Dismiss was a dismissal of DNF with prejudice and as a matter of law. Dkt. 34.

On May 1, 2018, Plaintiff moved for entry of default against M.N.S. because M.N.S. had failed to appear in the case. Dkt. 35. The Court granted this motion on May 31, 2018. Dkt. 39.

Because there are multiple defendants that were named in this action, the Court's Order dismissing the claims against DNF with prejudice adjudicated "fewer than all the claims or the rights and liabilities of fewer than all the parties," FRCP 54(b); the Order therefore "does "not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," *id.*

By this Motion, Plaintiff seeks "certification" from this Court pursuant to FRCP 56(b)—that is, "a final judgment as to one or more, but fewer than all, claims or parties"—so that Plaintiff can appeal the

**PLAINTIFF'S MOTION FOR RULE 54(b) CERTIFICATION** –
Page 4 of 16

decision of the Court that DNF cannot be considered a debt collector under the FDCPA before obtaining a final judgment against M.N.S.

## II.  Legal Points and Authorities

A district court's orders that do not dispose of all claims and all parties are not final and appealable judgments. *See Chacon v. Babcock*, 640 F.2d 221, 222 (9th Cir. 1981). However, FRCP 54(b) allows for entry of a final judgment as to "fewer than all" parties or claims "if the court expressly determines that there is no just reason for delay." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1 (1980); *see also SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1084 (9th Cir. 2010). "Rule 54(b) certification is proper if it will aid in 'expeditious decision' of the case." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (quoting *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987)). District courts have wide discretion to determine the appropriate time to enter judgment under FRCP 54(b). *Curtiss-Wright Corp.*, 446 U.S. at 8.

When assessing whether to certify an order as a final judgment under FRCP 54(b), courts follow a two-step process: first, the Court must determine that it has rendered a "final judgment" as to a claim or party, and second, "it must determine whether there is any just reason for delay." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (citation omitted). Where "the case involves multiple parties, 'party' has

**PLAINTIFF'S MOTION FOR RULE 54(b) CERTIFICATION** –
Page 5 of 16

the same effect as 'claim.'" *Birkes v. Tillamook County*, No. 3:09-CV-1084-AC, 2012 U.S. Dist. LEXIS 81765, at *3 (D. Or. June 13, 2012) (citing FRCP 54(b) cmt. (1961)).

### III.    Argument

#### A.    The Order Is a Final Judgment as to DNF

In the context of FRCP 54(b) certification, "final judgment" means "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Wood*, 422 F.3d at 878 (quoting *Curtiss-Wright*, 446 U.S. at 7) (second internal quotation marks omitted). Where the case involves multiple parties, "party" has the same effect as "claim." *Birkes*, 2012 U.S. Dist. LEXIS 81765, at *3 (citing FRCP 54(b) cmt. (1961)).

Here, the Court's Order granting DNF's Motion to Dismiss is a "final judgment" pursuant to FRCP 54(b) because the dismissal was with prejudice and disposed of all Plaintiff's claims against DNF and effectively dismissed DNF from the case.

#### B.    There Is No Just Reason for Delay

In evaluating whether there are just reasons for delay, the Court (1) "must take into account judicial administrative interests" and (2) consider "the equities involved." *Curtiss-Wright*, 446 U.S. at 8. "Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against

piecemeal appeals.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 428 (1956)).

An assessment of the judicial administrative interests includes "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* Issues to be raised on appeal need not be "completely distinct from the rest of the action"; rather the inquiry is "whether the certified order is sufficiently divisible from the other claims such that the 'case would [not] inevitably come back to this court on the same set of facts.'" *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (quoting *Wood*, 422 F.3d at 879). "'Both the Supreme Court and [the Ninth Circuit] have upheld certification on one or more claims despite the presence of facts that overlap remaining claims when, for example, … the case is complex and there is an important or controlling legal issue that cuts across (and cuts out or at least curtails) a number of claims.'" *U.S. Fid. & Guar. Co. v. Lee Invs., LLC*, 641 F.3d 1126, 1140 (9th Cir. 2011) (quoting *Wood*, 422 F.3d at 881).

**PLAINTIFF'S MOTION FOR RULE 54(b) CERTIFICATION** –
Page 7 of 16

1.  **Judicial Administrative Interests**

There is no precise list of factors that must be considered in order to make this assessment, but the Ninth Circuit has noted the following criteria:

> whether certification would result in unnecessary appellate review; whether the claims finally adjudicated were separate, distinct, and independent of any other claims; whether review of the adjudicated claims would be mooted by any future developments in the case; whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals; and whether delay in payment of the judgment (which in that case could be years because of the complexity of the remaining claims) would inflict severe financial harm.

*Wood*, 422 F.3d at 878 n.2.

Here, the question for immediate appeal is whether DNF can be considered a "debt collector" under the FDCPA because the principle purpose of its business is the collection of debts. This is not a case in which certification would result in unnecessary appellate review," *id.*; rather, an appellate decision here is absolutely necessary —without it, Plaintiff will be left with no recourse for her claim against, and potential recovery from, DNF.

The question for immediate appeal is also completely distinct and severable from any other remaining issues to be decided in this case. *See Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987) (upholding certification of partial summary judgments, because the matters disposed of via the orders on summary judgment

**PLAINTIFF'S MOTION FOR RULE 54(b) CERTIFICATION** –
Page 8 of 16

motions were sufficiently severable factually and legally from the remaining matters, and completely extinguished the liability of certain parties on one claim). The issue will not arise again in the context of this litigation because M.N.S., even if it had not been defaulted, could not make the same argument. M.N.S. undoubtedly is a debt collector under both prongs of 15 U.S.C. § 1692a(6), because it was collecting a debt from Plaintiff that was owed to DNF at the time of collection.[1]

Indeed, by not certifying for immediate appeal the Court's dismissal of DNF, the risk of duplicative litigation actually increases. As explained more fully below, absent 54(b) certification, Plaintiff will be forced to seek a final (default) judgment with respect to M.N.S., including a determination of damages against it, before she files any appeal. If, on appeal, she prevails on her claims against DNF, DNF may be permitted to relitigate the issues of both damages and liability, both of which would have been decided at the default judgment stage with respect to M.N.S. Only complicating matters further, any determination of damages on remand could result in inconsistent judgments, which this Court, in its 54(b) determination, should seek to avoid. *See, e.g., Calista Enters., Ltd. v. Tenza Trading Ltd.*, 2014 WL 3670856, at *3–4

---

[1] 15 U.S.C. § 1692a(6) provides that "[t]he term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

**PLAINTIFF'S MOTION FOR RULE 54(b) CERTIFICATION** –
Page 9 of 16

(D. Or. 2014) (considering the risk of inconsistent judgments in 54(b) determination).

Plaintiff seeks an award of both statutory and actual damages (including emotional distress damages) in her Complaint, as allowed by 15 U.S.C. § 1692k(a)(1)-(2). In the event that Plaintiff prevails on appeal on the issue of whether DNF can be a "debt collector," then DNF can be held vicariously and jointly and severally liable for Plaintiff's damages. *See, e.g.*, *Haas v. PMCW*, No. 12-CV-570-H (WVG), 2013 U.S. Dist. LEXIS 199543, at *6 (S.D. Cal. Nov. 5, 2013) ("An entity that is itself a 'debt collector' may be held vicariously liable for the FDCPA violations of its agents and employees carried out on its behalf." (citing *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1173 (9th Cir. 2006) (clarifying that general principles of agency form the basis of vicarious liability under the FDCPA))).

Because DNF has been dismissed from this case, however, it will not be a participant in the Court's damages findings awarded against M.N.S. through default. Indeed, DNF would not be subject to any portion of the default judgment against MNS, and Plaintiff, in a later remand, may be forced relitigate the damages findings against DNF. *See Blonder-Tongue Labs. v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971) (discussing a defendant's due process rights when they never had a chance to present their evidence and arguments on the claim).

**PLAINTIFF'S MOTION FOR RULE 54(b) CERTIFICATION** –
Page 10 of 16

The problems caused by the possibility of inconsistent judgments—as to separate defendants with joint liability—were highlighted by the Eastern District of California in *Bank of America v. Yakimenko*:

> *In re Uranium Antitrust Litigation* acknowledged that *Frow* does not preclude entry of default judgment against some defendants where other defendants remain in the litigation, even where liability is joint and several. 617 F.2d [1248,] 1258 [(7th Cir. 1980)]. Nevertheless, there is still the possibility of inconsistent determinations as to damages, as well as the lack of judicial economy, in that "there could be two distinct damages awards on a single claim involving joint and several liability." *Id*. at 1262. If plaintiff later prevails against the answering defendant, the damage award could be different; however, the joint nature of the claim precludes different findings as to damages against all defendants. *Id*. Furthermore, where defendants are jointly liable for the entire award, plaintiff could look to any one defendant for full satisfaction of the damage award. *Id.*

*Bank of Am. v. Yakimenko*, No. S-09-2865 MCE GGH, 2011 U.S. Dist. LEXIS 65945, at *6-7 (E.D. Cal. June 20, 2011) (footnote omitted). The risk of inconsistent damage awards is in itself sufficient reason to allow Plaintiff to appeal the dismissal of DNF before obtaining a default judgment against M.N.S.

Any delay in the payment of any judgment is not really a factor here, because Plaintiff has little hope that M.N.S., the defaulted defendant, will satisfy any judgment obtained against it. In fact, Plaintiff's choice to name DNF as a defendant in this case was made in

**PLAINTIFF'S MOTION FOR RULE 54(b) CERTIFICATION** –
Page 11 of 16

part so that Plaintiff had an economically viable source of compensation for the damages that Plaintiff suffered.

### 2. The Equities Involved

A review of the equities at issue in this case also tilts toward granting FRCP 54(b) certification of the order dismissing of DNF. As detailed above, by requiring Plaintiff to proceed now to final judgment against M.N.S., the issue of damages can be decided only against M.N.S. If Plaintiff is ultimately successful in her appeal, then she will either be bound by the Court's determination of her statutory and actual damages or have to relitigate the damages issues on remand, thus creating the possibility for inconsistent judgments, even though the damages are based upon joint and several vicarious liability principles.

Moreover, Plaintiff has the right to have her damages determined by a jury of her peers. *See Adams v. Schumacher*, No. 3:13-cv-2301-AC, 2015 U.S. Dist. LEXIS 45066, at *3-5 (D. Or. Apr. 7, 2015) (adopting the "majority view" that the FDCPA provides a plaintiff, if requested, the right to a jury trial to decide actual or statutory damages). But because M.N.S. failed to appear in these proceedings, Plaintiff no longer retains her right to have a jury decide what is fair compensation for her damages. *See Henry v. Sneiders*, 490 F.2d 315, 318 (9th Cir. 1974) (constitutional right to jury does not survive default judgment); *see also Countryman Nev., LLC v. Suarez*, No. 6:15-cv-0436-SI, 2016 U.S. Dist.

**PLAINTIFF'S MOTION FOR RULE 54(b) CERTIFICATION** –
Page 12 of 16

LEXIS 129448, at *8-12 (D. Or. Sept. 22, 2016) (same).  That fact alone should counsel this Court to certify the issue for immediate appeal—the Court should avoid, if possible, putting at risk Plaintiff's jury trial rights by declining to grant 54(b) certification in this instance.

In all events, the Order that Plaintiff seeks to appeal—that DNF cannot be found to be a "debt collector" under the FDCPA as a matter of law—represents "an important or controlling legal issue that cuts across (and cuts out or at least curtails) a number of claims." *Wood*, 422 F.3d 873 at 881. It not only is an important issue for Plaintiff because it eliminates a potentially liable party and decreases her likelihood of recovering for the harm that she suffered, but also is an important legal issue in general, for consumers seeking to hold a debt buyer principal vicariously liable for the harm caused by the collection agents that the debt buyer principal directed to collect the debts. *Compare Norman v. Allied Interstate, LLC*, No. 17-5181, 2018 U.S. Dist. LEXIS 87870, at *11-12 (E.D. Pa. May 25, 2018) ("As explained in *Schweer*, '[t]he mere fact that [the defendant debt buyer] did not undertake or participate in independent collection actions does not shield it from liability, as vicarious liability may extend to a defendant for the actions of a party hired to collect a debt on the defendant's behalf'" (brackets in original) (quoting *Schweer v. HOVG, LLC*, No. 3:16-CV-01528, 2017 U.S. Dist. LEXIS 105034, at *12 (M.D. Pa. July 7, 2017))), *and McMahon v. LVNV*

**PLAINTIFF'S MOTION FOR RULE 54(b) CERTIFICATION** –
Page 13 of 16

*Funding, LLC*, No. 12 C 1410, 2018 U.S. Dist. LEXIS 41984, at *37 (N.D. Ill. Mar. 14, 2018) ("The Court fails to see why it should matter if the debt buyer hires a third party to actually collect its debt, i.e., to be the one who interacts with the debtor to obtain payment. If the collection of debts is precisely what sustains the business, unaided by any other significant sources of revenue, then the 'collection of . . . debts' must be the business's 'primary purpose.'" (ellipsis in original)), *with Schneider v. JTM Capital Mgmt., LLC*, No. 6:16-cv-2057-JR, 2018 U.S. Dist. LEXIS 82430, at *13 (D. Or. Mar. 22, 2018) (following this Court's reasoning in dismissing DNF in this case, by finding that "[t]he definition of 'debt collector' does not include purely passive debt purchasing activity. As defense counsel noted at oral argument, 'collect' is a verb that requires action. To the extent plaintiff is concerned about the increased abuse of debtors via fly-by-night third parties utilized by passive debt purchasers, that is an issue appropriate for Congress to resolve."). Given the equities involved and the importance of the issue to be decided on appeal, this Court should grant Plaintiff's motion and issue a final judgment, pursuant to FRCP 54(b), for immediate appeal.

## IV.    CONCLUSION

Given an assessment of the applicable factors above, in its discretion, the Court should enter an appropriate order that its Order finding that DNF is not a "debt collector" as a matter of law is a final

**PLAINTIFF'S MOTION FOR RULE 54(b) CERTIFICATION** –
Page 14 of 16

judgment on that issue as to DNF and that there is "no just reason for delay," thus permitting an immediate appeal of that Order, pursuant to FRCP 54(b).

Dated this 19th day of July, 2018.

        **RESPECTFULLY FILED BY,**

        s/ Kelly D. Jones
        **Kelly D. Jones, OSB No. 074217**
        Kelly D. Jones, Attorney at Law
        819 SE Morrison St., Suite 255
        Portland, OR 97214
        Tel: (503) 847-4329
        Fax: (503) 715-0524
        Email: kellydonovanjones@gmail.com

        -And-

        **Kevin A. Mehrens, OSB No. 074589**
        Law Office of Kevin A. Mehrens
        319 SW Washington, Suite 614
        Portland, OR 97204
        Tel: (503) 489-8774
        kevin.mehrens@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that, on July 19, 2018, a true copy of the foregoing Request for Entry of Default will be served on the following parties via the Court's ECF system:

Jordan M. New
Law Office of Jordan Michael New, PC
1001 SW Fifth Avenue
Suite 1100, #483
Portland, Oregon 97204
jordan@newlawpdx.com

Brenden H. Little
Lippes, Mathias, Wexler, Friedman, LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
blittle@lippes.com

*Attorneys for Defendant DNF*

Dated: July 19, 2018

                                          s/ Kelly D. Jones
                                          **Kelly D. Jones, OSB No. 074217**
                                          Kelly D. Jones, Attorney at Law
                                          819 SE Morrison St., Suite 255
                                          Portland, OR 97214
                                          Tel: (503) 847-4329
                                          Fax: (503) 715-0524
                                          kellydonovanjones@gmail.com

                                          *Lead Trial Attorney for Plaintiff*