**Kelly D. Jones, OSB No. 074217**
Kelly D. Jones, Attorney at Law
Lead Attorney for Plaintiff
819 SE Morrison St., Suite 255
Portland, OR 97214
kellydonovanjones@gmail.com
Tel: (503) 847-4329

**Kevin A. Mehrens, OSB No. 074589**
Of Attorneys for Plaintiff
Law Office of Kevin A. Mehrens
319 SW Washington, Suite 614
Portland, OR  97204
kevin.mehrens@gmail.com
Tel: (503) 489-8774

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **Jillian McAdory,** an Oregon consumer residing in Multnomah County, | Case No. 3:17-cv-00777-HZ |
| Plaintiff, | **REPLY TO DNF'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RULE 54(B) CERTIFICATION RE ORDER GRANTING DISMISSAL OF DEFENDANT DNF ASSOCIATES, LLC** |
| v. | |
| **M.N.S. & Associates, LLC, and DNF Associates, LLC,** foreign limited liability companies, | |
| Defendants. | |
| | Oral Argument Requested |

**REPLY RE MOTION FOR RULE 54(b) CERTIFICATION** – Page 1 of 12

## INTRODUCTION

On July 19, 2018, Plaintiff moved the Court under Federal Rule of Civil Procedure ("FRCP") 54(b) for entry of an order that will allow her to appeal the Court's Order granting Defendant DNF Associates, LLC's ("DNF") Motion to Dismiss (Dkt. 27) and its Order denying Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. 34) ("Rule 54(b) Motion") so that Plaintiff can appeal the decision of the Court that DNF cannot be considered a debt collector under the FDCPA before obtaining a final judgment against M.N.S. & Associates, LLC ("M.N.S."). On July 31, 2018, DNF filed its response in opposition to Plaintiff's Rule 54(b) Motion ("Response"). Plaintiff now files this Reply to DNF's Response.

## ARGUMENT

### I.    DNF's Opposition to Plaintiff's Rule 54(b) Motion

In its Response, DNF argues that Plaintiff's Rule 54(b) Motion should not be granted because (1) "the dismissed claims and the remaining claims all stem from the same events and are not separable" and (2) Plaintiff "let four months lapse before applying to this Court seeking to certify the Court's decision as a final order pursuant to Rule 54(b). Plaintiff's ambivalence in pursuing the subject relief means Plaintiff cannot demonstrate 'no just cause for delay' resulting in the denial of the subject application." Dkt. 41, pp. 3-4.

**REPLY RE MOTION FOR RULE 54(b) CERTIFICATION** – Page 2 of 12

## II.    The Issue of Whether DNF Is Not a Debt Collector as a Matter of Law Is a Separable Issue That Will Not Result in Piecemeal Appeals

When assessing whether to certify an order as a final judgment under FRCP 54(b), courts follow a two-step process: first, the Court must determine that it has rendered a "final judgment" as to a claim or party, and second, "it must determine whether there is any just reason for delay." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (citation omitted). In evaluating whether there are just reasons for delay, the Court (1) "must take into account judicial administrative interests" and (2) must consider "the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). "Rule 54(b) certification is proper if it will aid in 'expeditious decision' of the case." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (quoting *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987)). District courts have wide discretion to determine the appropriate time to enter judgment under FRCP 54(b). *Curtiss-Wright Corp.*, 446 U.S. at 8.

An assessment of the judicial administrative interests includes "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* Issues to be raised on appeal need not be "completely

**REPLY RE MOTION FOR RULE 54(b) CERTIFICATION** – Page 3 of 12

distinct from the rest of the action"; rather the inquiry is "whether the certified order is sufficiently divisible from the other claims such that the 'case would [not] inevitably come back to this court on the same set of facts.'" *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (quoting *Wood*, 422 F.3d at 879). "'Both the Supreme Court and [the Ninth Circuit] have upheld certification on one or more claims despite the presence of facts that overlap remaining claims when, for example, … the case is complex and there is an important or controlling legal issue that cuts across (and cuts out or at least curtails) a number of claims.'" *U.S. Fid. & Guar. Co. v. Lee Invs., LLC*, 641 F.3d 1126, 1140 (9th Cir. 2011) (quoting *Wood*, 422 F.3d at 881).

In arguing that "the dismissed claims and the remaining claims all stem from the same events and are not separable," DNF fails to properly identify the narrow issue that will be the subject of Plaintiff's proposed appeal. Plaintiff merely seeks appellate review of the Court's granting of DNF's Motion to Dismiss based upon its findings that DNF cannot be a "debt collector" under the FDCPA as a matter of law. As explained in more detail in Plaintiff's Rule 54(b) Motion, when properly framed, this question for immediate appeal is completely distinct and separate from any other remaining issues to be decided in this case. This is not an issue that would possibly result in piecemeal appeals, and in

**REPLY RE MOTION FOR RULE 54(b) CERTIFICATION** – Page 4 of 12

fact no appellate court would have to decide this same issue again even if there were subsequent appeals of any other issues in the case.

But even where the remaining claims *would* require proof of the same facts involved in the dismissed claims a district court may enter judgment under Rule 54(b). *See Texaco, Inc.*, 939 F.2d at 798 (citing *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1519 (9th Cir. 1987)) (finding that "although the claims disposed of on appeal and the remaining counterclaims require proof of the same facts, the legal issues now appealed will streamline the ensuing litigation"); *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) ("[W]e have held that claims certified for appeal do not need to be separate and independent from the remaining claims, so long as resolving the claims would 'streamline the ensuing litigation.'"); *Sheehan,* 812 F.2d at 468 ("The Rule 54(b) claims do not have to be separate from and independent of the remaining claims."); *Alcan Aluminum Corp. v. Carlsberg Fin. Corp.*, 689 F.2d 815, 817 (9th Cir. 1982) ("[The Rule 54(b) order] may facilitate settlement of the remaining claims, and it may well aid the expeditious decision of those claims if they are not settled. It is not required that the Rule 54(b) claims be separate from and independent of the other claims." (citation omitted)).

**REPLY RE MOTION FOR RULE 54(b) CERTIFICATION** – Page 5 of 12

On the other hand, in regard to judicial and administrative interests (as also explained in more detail in Plaintiff's Rule 54(b) Motion), by not certifying for immediate appeal the Court's dismissal of DNF, the risk of duplicative litigation actually increases if Plaintiff must wait until after obtaining a default judgment against M.N.S. If Plaintiff prevails on her appeal as to whether DNF can be a debt collector, DNF would likely be able to relitigate the issues of both damages and liability, and any determination of damages on remand as to DNF could result in inconsistent judgments.

DNF's argument that Plaintiff's Rule 54(b) Motion should be denied because the issues to be decided on appeal stem from the same events and are not separable from the other claims to be decided in this case is unavailing, and if relevant at all, it is substantially outweighed by the other factors cited above, and in more specific detail with caselaw support, in Plaintiff's Rule 54(b) Motion.

## III. Plaintiff's Short Delay in Seeking Rule 54(b) Certification Is Not a Sufficient Reason to Deny Her Motion

In its Response, DNF also argues that Plaintiff's Rule 54(b) Motion should be denied because Plaintiff "let four months lapse before applying to this Court seeking to certify the Court's decision as a final order pursuant to Rule 54(b). Plaintiff's ambivalence in pursuing the subject relief means Plaintiff cannot demonstrate 'no just cause for

**REPLY RE MOTION FOR RULE 54(b) CERTIFICATION** – Page 6 of 12

delay' resulting in the denial of the subject application." Dkt. 41, pp. 3-4.

For its argument that Plaintiff's Rule 54(b) Motion should be denied because Plaintiff waited too long to file it, DNF cites to a single case in support: *Birkes v. Tillamook County,* No. 3:09-CV-1084-AC, 2012 U.S. Dist. LEXIS 81765 (D. Or. June 13, 2012). In *Birkes* the court did find that the "Defendants waited for nearly a full year after the court granted summary judgment on Preston's claims to petition for Rule 54(b) entry—which strongly suggests that Defendants do not possess the usual haste associated with the phrase 'no just cause for delay.'" *Id.* at *10.

In this case, the time that has elapsed between the Court's denial of Plaintiff's motion for leave to file a second amended complaint (considered by the Court to be a motion for reconsideration) and the filing her Rule 54(b) Motion was only about four months (versus a year in *Birkes*).[1] In any event, the year-long delay in seeking the Rule 54(b) judgment in *Birkes* was just one of many justifications for denying the defendant's Rule 54(b) motion and clearly not the most significant one.

---

[1] For what it is worth, part of the delay in Plaintiff filing her Rule 54(b) Motion resulted from Plaintiff's efforts in obtaining entry of a default against M.N.S., and demonstrating that service was proper. *See* Dkt. 35-39.

**REPLY RE MOTION FOR RULE 54(b) CERTIFICATION** – Page 7 of 12

In *Birkes*, unlike in this case, the court granted summary judgment *on the merits* of one of the plaintiff's claims against both defendants in a multi-party case, but had yet to adjudicate the claims of the other plaintiff. The defendants moved for entry of a Rule 54(b) final judgment as to the dismissal of one of the plaintiff's claims, so that the dismissed plaintiff's appeal could be heard before adjudicating the merits of the remaining plaintiff's claims. In that case, the court decided that the "Defendants' contention that Plaintiffs' claims can involve the same background facts and legal claims while somehow having different factual and legal bases is without merit." *Id.* at *7.[2]

In addition to the dismissed plaintiff's claims not being "plausibly separable" from the non-dismissed plaintiff's claims to be appealed, issues of efficient judicial administration also weighed against entry of a Rule 54(b) judgment in that case, including the fact that the remaining plaintiff in *Birkes* (who was resisting the Rule 54(b) judgment) was still actively litigating their claims against the defendants and a trial date was already set. *Id.* at *10. Here, the remaining defendant, M.N.S., has been defaulted for failure to appear and is not actively litigating, and there is no trial date set in this case.

---

[2] Again, here the narrow issue that Plaintiff will appeal is DNF's dismissal based upon the Court's finding that DNF cannot be a debt collector as a matter of law—a distinct and separable issue that will not result in the possibility of piecemeal appeals.

**REPLY RE MOTION FOR RULE 54(b) CERTIFICATION** – Page 8 of 12

Moreover, in regard to the equities involved, the court in *Birkes* found "no equitable basis for granting Defendants' Rule 54(b) motion" and no party would be prejudiced. *Id*. In contrast to *Birkes*, there are considerable equities involved in this case that were not present in *Birkes*. As set forth in more detail in Plaintiff's Rule 54(b) Motion, by requiring Plaintiff to proceed now to final judgment against M.N.S., the issue of damages can be decided only against M.N.S. If Plaintiff is ultimately successful in her appeal, then she will either be bound by the Court's determination of her statutory and actual damages or have to relitigate the damages issues on remand, thus creating the possibility for inconsistent judgments, even though the damages are based upon joint and several vicarious liability principles. Although Plaintiff has the right to have her damages determined by a jury of her peers, M.N.S.'s failure to appear in these proceedings means that Plaintiff no longer retains her right to have a jury decide what is fair compensation for her damages. Thus, as a matter of equity, the Court should avoid, if possible, putting at risk Plaintiff's jury trial rights by declining to enter a Rule 54(b) judgment in this case.

On the other hand, there is no discernable prejudice to DNF (or M.N.S.) if the Court enters a Rule 54 judgment. In fact, granting Plaintiff's Rule 54(b) Motion would expedite Plaintiff's appeal of DNF's

**REPLY RE MOTION FOR RULE 54(b) CERTIFICATION** – Page 9 of 12

dismissal, rather than prolong the appeal and potential reinvolvement of DNF to a later date in the future.

## CONCLUSION

Although there is a general presumption against granting Rule 54(b) "certification," the unique circumstances presented in this case, and the limited issue to be appealed, "are unusual enough to merit departure from the court's general presumption against Rule 54(b)." *Id.* at *1 (citing *U.S. Fire Ins. Co. v. Williamsburg Nat'l Ins. Co.*, 2009 U.S. Dist. LEXIS 19391, No. 1:07-cv-00718 GSA (E.D. Cal. Mar. 12, 2009)). There is no real risk of duplicative appeals of the same issue to be appealed by Plaintiff here; however, there is the real risk of duplicate litigation, inconsistent judgments, and the loss of Plaintiff's right to a jury trial if Plaintiff must wait to appeal the Court's dismissal of DNF until after she obtains a default judgment against M.N.S. Moreover, the issue to be appealed is an emerging and important issue that has resulted in a split of authority among district courts. *See* Dkt. 40, pp. 13-14.

Given an assessment of the applicable factors above, including the separable issue to be decided on appeal that will not result in a subsequent appeal, and the equities involved, including the potential for prejudice to Plaintiff, and the importance of the issue to be decided on appeal, this Court should grant Plaintiff's Rule 54(b) Motion.

**REPLY RE MOTION FOR RULE 54(b) CERTIFICATION** – Page 10 of 12

Dated this 13th day of August, 2018.

RESPECTFULLY FILED BY,

s/ Kelly D. Jones
**Kelly D. Jones, OSB No. 074217**
Kelly D. Jones, Attorney at Law
819 SE Morrison St., Suite 255
Portland, OR 97214
Tel: (503) 847-4329
Fax: (503) 715-0524
Email: kellydonovanjones@gmail.com

-And-

**Kevin A. Mehrens, OSB No. 074589**
Law Office of Kevin A. Mehrens
319 SW Washington, Suite 614
Portland, OR  97204
Tel: (503) 489-8774
Email: kevin.mehrens@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that, on August 13, 2018, a true copy of the foregoing Request for Entry of Default will be served on the following parties via the Court's ECF system:

Jordan M. New
Law Office of Jordan Michael New, PC
1001 SW Fifth Avenue
Suite 1100, #483
Portland, Oregon 97204
jordan@newlawpdx.com

Brenden H. Little
Lippes, Mathias, Wexler, Friedman, LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
blittle@lippes.com

*Attorneys for Defendant DNF*

Dated: August 13, 2018

                              s/ Kelly D. Jones
                              **Kelly D. Jones, OSB No. 074217**
                              Kelly D. Jones, Attorney at Law
                              819 SE Morrison St., Suite 255
                              Portland, OR 97214
                              Tel: (503) 847-4329
                              Fax: (503) 715-0524
                              kellydonovanjones@gmail.com

                              *Lead Trial Attorney for Plaintiff*

**REPLY RE MOTION FOR RULE 54(b) CERTIFICATION** – Page 12 of 12